CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS LEE GRATE, III, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00449 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY HUFFMAN, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Proceeding pro se, plaintiff Thomas Lee Grate, III, brings this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate in the segregated housing unit ("SHU") at Red Onion State Prison ("ROSP") in Pound, Virginia, sets forth four groups of claims alleging that defendants employed at ROSP and with the Virginia Department of Corrections ("VDOC") violated his constitutional rights. Plaintiff seeks monetary damages and injunctive and declaratory relief. For the reasons that follow, the court will dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[1,2]

## I. Factual Background

Plaintiff raises four separate groups of claims, consisting of the following: that he was denied proper Institutional Classification Authority ("ICA") hearings on August 8, 2006, October 31, 2006, and January 18, 2007; that he is being forced to remain in the SHU because he is on an "inmate enemy

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] Plaintiff names a second plaintiff, Jo'Nathan Talbert, in the style of his complaint. Mr. Talbert has not signed any of the pleadings plaintiff has submitted in this case. Accordingly, the court will not join Mr. Talbert as a plaintiff in this case. And, assuming arguendo that Mr. Talbert had signed the complaint, and that plaintiff's naming of Mr. Talbert as a co-plaintiff is an attempt to bring a class action, class certification is not proper under Federal Rule of Civil Procedure 23 because plaintiff has identified no determinative critical issue common to the plaintiffs. Stott v. Haworth, 916 F.2d 134, 145 (4th Cir. 1990). Additionally, a class should not be certified when a pro se litigant seeks to represent a class unless he can "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

list"; that defendants have exhibited deliberate indifference to a serious medical need by failing to provide plaintiff with a permanent "no shave pass"; and that he was denied a proper religious meal on January 2, 2007. Because plaintiff sets forth four distinct groups of claims, and because of the temporal and factual distinctions between the claims, the court will discuss separately the facts and the attendant legal analysis of each claim.

## II. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

## III. Improper ICA Hearings Claim

Plaintiff first alleges that defendant S. Mullins, ROSP Counselor, failed to provide plaintiff with proper notice of plaintiff's ICA hearing held on August 8, 2006. He claims that S. Mullins denied his request for witnesses, and also claims that a proper hearing was not conducted because Mr. Mullins,

2

ROSP Lieutenant,[3] merely met with plaintiff at his cell window. Plaintiff also alleges that Lt. Mullins failed to provide plaintiff with a proper ICA hearing on October 31, 2006, by failing to advise him of the "proper measures to expedite himself from administrative segregation." (Compl. at 5.) Plaintiff contends that Lt. Mullins' recommendation that plaintiff remain in segregation violated his constitutional rights as this status denied him the opportunity to enroll in programs "recommended for his treatment plan." (Compl. at 5.) Plaintiff further alleges that S. Mullins again failed to provide plaintiff with proper notice of his ICA hearing on January 18, 2007. Plaintiff claims that S. Mullins denied plaintiff's request for witnesses and that a proper hearing was not conducted as Lt. Mullins merely met with plaintiff at his cell window. Plaintiff also contends that Lt. Mullins punished him for past misconduct by determining that plaintiff should remain in administrative segregation.

To the extent plaintiff alleges that his placement in segregation violates his federal due process rights, his allegations are without merit. A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed plaintiff's complaint, the court concludes that plaintiff has failed to allege facts sufficient to establish that the length of his confinement in the SHU, or the conditions of his confinement in the SHU, pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that

---

[3] Plaintiff alleges that Mr. Mullins is currently a Captain at ROSP.

3

there were no religious services available; and that food was served in considerably smaller portions). Therefore, because plaintiff does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections at his ICA hearings.

To the extent plaintiff's allegations can be construed to assert a living conditions claim under the Eighth Amendment, such a claim is also without merit. The Eighth Amendment protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379. Applying these principles to plaintiff's allegations, the court concludes that plaintiff has failed to state a claim under the Eighth Amendment. While being confined in segregation may be restrictive and inconvenient, plaintiff does not allege that he has suffered a serious mental or physical injury as a result of his conditions of confinement in segregation, and there is no indication that the conditions pose an unreasonable risk of serious harm. See In re Long Term Admin. Segregation of Inmates Designated as Five Percenters ("In re Five Percenters"), 174 F.3d 464, 471-72 (4th Cir. 1999) (long-term placement in segregation or maximum custody is not cruel and unusual punishment; indefinite duration of the segregation does not render it unconstitutional).

For the reasons stated, the court concludes that plaintiff fails to state a claim upon which relief may be granted regarding his ICA hearings or his placement in the SHU. Accordingly, the court will

dismiss the claim, pursuant to 28 U.S.C. § 1915A(b)(1).[4]

## IV. Deliberate Indifference Claim

Plaintiff next complains that he suffers from facial skin irritation subsequent to shaving. Plaintiff contends that when he shaved his face on March 8, 2007, and March 15, 2007, his face broke out in "redness with rashes," and started burning and itching. (Compl. at 8.) Plaintiff requests that he be placed on an "Indefinite Shaving Profile" due to this "medical condition." (Compl. at 8.) Plaintiff claims that since he was placed on two, six-month shaving profiles at his previous place of incarceration, he is entitled to a shaving profile of indefinite duration at ROSP.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). "'A serious medical need' is 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would

---

[4] Plaintiff further complains that, even though he is now approved for release from the SHU, defendants refuse to transfer him from the SHU to Progressive Housing, because he is allegedly on an inmate enemy list. (Compl. at 8.) Plaintiff contends that this is in violation of the Equal Protection Clause of the Fourteenth Amendment. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff fails to even allege much less demonstrate any of the Morrison requirements, and his placement in protective segregation does not implicate a suspect class or burden a fundamental right. See Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 357 (2001); Heller v. Does, 509 U.S. 312, 319 (1993); F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313 (1993); Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). Furthermore, as previously determined, an indefinite duration of confinement in segregation is not unconstitutional in and of itself. See In re Five Percenters, 174 F.3d at 471-72; Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (protective segregation not per se unconstitutional). Accordingly, plaintiff fails to state a claim upon which relief can be granted regarding his indefinite confinement in the SHU and the court will dismiss the claim, pursuant to 28 U.S.C. § 1915A(b)(1).

5

easily recognize the necessity for a doctor's attention." Shelton v. Angelone, 183 F. Supp. 2d 830, 840 (W.D. Va. 2002) (quoting Cox v. District of Columbia, 834 F. Supp. 439, 441 (D.D.C. 1992)). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. To bring such a claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990). Claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir. 1975). Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Johnson v. Quinones, 145 F.3d 164, 168 (4th Cir. 1998) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).

Plaintiff may have sensitive skin that makes shaving unpleasant. However, the occurrence of razor bumps from sensitivity to shaving is not a complaint that rises to the level of constitutional significance as a serious medical need. See Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir.1986) (finding no serious medical need where inmate alleged bleeding, inflammation, irritation, ingrown hairs, infection, purulence and pain from shaving); Ashann-Ra v. Com. of Va., 112 F. Supp. 2d 559, 574 (W.D. Va. 2000) (finding no serious medical need entitling inmate to medication or a no-

shave order); see also Sykes v. Thompson, No. 2:03CV585, 2004 WL 3258268, at *2 (E.D. Va. Nov. 30, 2004) (finding that razor bumps, scabs, and sores with pus were not sufficient to state a serious medical need where institutional physician determined that plaintiff did not have a condition requiring that he be exempt from shaving). Further, the responses to plaintiff's grievances indicate that plaintiff was encouraged to submit a request to be evaluated by the institutional physician and to apply for a regular three-month shaving pass. Plaintiff does not contend that he requested a physician's examination. Therefore, plaintiff's skin problems arise not from any deliberate indifference on the part of the defendants, but from plaintiff's failure to follow institutional policy. Courts must defer to the judgment of prison officials in matters of prison administration, limiting judicial inquiry to whether a particular prison system or regulation violates constitutional or federal law. See Block v. Rutherford, 468 U.S. 576 (1984). Plaintiff's conclusory argument that he is entitled to a permanent shaving pass, rather than a renewable three-month pass, fails to state a constitutional claim.[5]

For these reasons, plaintiff has failed to state an Eighth Amendment claim of deliberate indifference to a serious medical need. Accordingly, this claim will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted.

### V. Religious Diet Claim

Plaintiff contends that on January 2, 2007, defendants D. McKnight and S. Wood, ROSP Food Service Supervisors, failed to provide plaintiff with a proper "Eid Feast." (Compl. at 10.) Plaintiff explains that he is a Sunni Muslim and that observing the Eid Feast is an obligation to his religion.[6]

---

[5] Moreover, the court notes that without a medical professional's opinion to support his contention that he should not be required to shave, the most plaintiff alleges is treatment that is "merely desirable." Bowring, 551 F.2d at 47-48.

[6] Eid al-Adha is a religious festival celebrated by Muslims worldwide as a commemoration of Ibrahim's (Abraham's) willingness to sacrifice his son, Ismael, for Allah. See http://en.wikipedia.org/wiki/Eid_ul-Adha.

7

He complains that the extra piece of fruit served with his meal was insufficient to properly observe the Eid Feast. Construing the complaint liberally, plaintiff brings these claims pursuant to the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), Pub. L. No. 106-274, §§ 7 -8, 114 Stat. 803, 806 (2000) (codified as amended at 42 U.S.C. §§ 2000cc et seq.).

## A. First Amendment

Although inmates clearly retain their First Amendment right to free exercise of religion in prison, O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987), including the right "to receive diets consistent with their religious scruples," Kahane v. Carlson, 527 F.2d 492, 495 (2nd Cir. 1975), lawful incarceration "brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," O'Lone, 482 U.S. at 348 (internal citations omitted). Inmates do have a constitutional right to receive a nutritious diet in keeping with their sincere religious beliefs. Ross v. Blackledge, 477 F.2d 616, 618-19 (4th Cir. 1973). An inmate must first demonstrate, however, that the requested diet is rooted in a sincere, religious belief and that the diet choices already available to him substantially burden his religious practice. See Lyng v. N.W. Indian Cemetery Protective Ass'n, 485 U.S. 439, 450-51 (1988). Further, institutional officials need not provide a special religious diet if the inmate can maintain an adequate diet by choosing items from the available menu that do not offend his sincere beliefs. Abernathy v. Cunningham, 393 F.2d 775, 778 (4th Cir. 1968).

The court need not determine whether plaintiff holds sincere Muslim beliefs as he fails to sufficiently demonstrate that the ROSP meal commemorating the Eid Feast imposed a substantial burden on his religious rights or that it offended his religious beliefs. Plaintiff does not allege any factual basis for his allegation that an extra piece of fruit with a regular meal is insufficient to constitute an Eid Feast, nor does he contend that he could not eat the meal that was provided to him. See also

8

Tisdale v. Dobbs, 807 F.2d 734, 740-41 (8th Cir. 1986) (affirming the district court in finding that bologna sandwiches provided to inmates during Ramadan provided Muslim inmates a reasonable opportunity to observe Ramadan); Johnson v. Harmon, No. 5:03CV00468, 2005 WL 1772752 (E.D. Ark. July 01, 2005) (finding that defendants' decision not to let plaintiff have a catered food tray on Eid Feast was reasonably related to the legitimate penological interest of promoting safety in the institution's segregation unit).

Accordingly, as plaintiff's claim does not rise to the level of constitutional significance under the First Amendment, the court will dismiss this claim, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## B. RLUIPA

The RLUIPA provides that no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution unless the government demonstrates that imposition of the burden on that person 1) is in furtherance of a compelling governmental interest, and 2) is the least restrictive means of furthering that compelling governmental interest. See 2 U.S.C. § 2000cc-1(a); Cutter v. Wilkinson, 544 U.S. 709, 712 (2005). The Supreme Court has defined "substantial burden" as one that "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. of Ind. Employment Sec. Div., 450 U.S. 707, 718 (1981); Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006). Only when such a showing is made does the government bear the burden of persuasion that its practice is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. Lovelace, 472 F.3d at 187; Adkins v. Kaspar, 393 F.3d 559, 567 n. 32 (5th Cir. 2004), cert. denied, 545 U.S. 1104 (2005). Plaintiff does not raise any allegations whatsoever in the instant complaint that the Eid Feast meal provided by ROSP prevented him from exercising a religious practice, such as partaking of a diet in

conformity with the dictates of his religion. In sum, he has not alleged facts supporting any assertion that the meal served to him, regardless of its sufficiency as a celebration of Eid, placed a substantial burden on his exercise of religion.

Because plaintiff has not demonstrated that the meal served on January 2, 2007, placed a substantial burden on his exercise of religion, the RLUIPA claim will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.

## VI. Conclusion

Based on the foregoing, the court will dismiss the instant complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[7]

The Clerk is directed to send copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 5th day of November, 2007.

_United States District Judge_

---

[7] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within thirty days of the date of entry of this Memorandum Opinion, or within such extended period as the court may grant pursuant to Rule 4(a)(5).